*212 OPINION.
Matthews:
We are of the opinion that the trust instruments which we have described in our findings were valid and effective to pass title to the shares of stock constituting the corpus of each trust and that the gains realized on the sale of these shares of stock in August 1929 were properly reported by the City Bank Farmers Trust Co. as trustee. These shares of stock were transferred and delivered to the trustee at the time the trusts were accepted, and this was done prior tó the execution on August 13,1929, of the agreement' to sell the entire capital stock of the Waterbury Chemical Co. Clearly, the stock did not belong to the petitioners, the grantors *213 of the trusts, after the trusts were accepted. All of the trusts were irrevocable except upon written notice delivered to the trustee during the preceding taxable year, and they have been continued in force and effect ever since they were established. In accordance with the provisions of the trust instruments under which the petitioners, as grantors, reserved the option to direct the trustee to sell any of the trust property, the trustee was directed to sell and did sell all of the stock of the Waterbury Chemical Co. which it held in trust and retained the proceeds thereof for the uses of the trusts. It follows that the respondent erred in adding to the taxable income reported by the petitioners for 1929 the gains which were realized by the trustee from the sale of these shares of stock.
We have considered the respondent’s alternative argument that section 167 of the Revenue Act of 1928 is here applicable and have concluded that the terms of the trusts involved herein are not such as to bring the income therefrom within the provisions of section 167. See, in this connection, our discussion of the application of this section of the statute in the case of Preston R. Bassett, 33 B. T. A. 182, where the issue thus raised by the respondent was decided adversely to his contention. On the authority of that decision, and for the reasons set out in our opinion therein, we hold that section 167 is not controlling in the instant proceedings.
Inasmuch as petitioner Edwin L. Bowen transferred in trust all of the stock of the Waterbury Chemical Co. which he owned on August 1, 1929, no other issue is presented in Docket No. 62985 and we hold that there is no deficiency in that proceeding.
In determining the tax liability of the other petitioners, who owned shares of stock of the Waterbury Chemical Co. which were not included in the trusts which they established, it will be necessary to decide the fair market value of the stock on the basic dates for the purpose of determining the amount of the gain on the sale thereof by the petitioners.
Petitioner Eugene W. Waterbury acquired his stock prior to March 1, 1913. The stock inherited by Donald N. Waterbury, Charlotte M. Waterbury, and Whitford N. Waterbury was distributed to them on December 9, 1915. The notice of deficiency addressed to Eugene W. Waterbury indicates that he reported capital gain in the amount of $91,872. We do not know what basis was used by him in computing this gain. On August 12, 1929, Eugene W. Waterbury established five trusts and conveyed to the trustee thereunder 32 shares of the par value of $100 each and 412 shares of the par value of $25 each, retaining for himself 83 shares of the par value of $100 each and 124 shares of the par value of $25 each. The other three *214 petitioners computed their profits by using as the basis for determining gain a value on December 9, 1915, of $332.41 per share for the shares of stock having a par value of $100 each.
In computing the deficiencies involved herein the respondent used a value of $150 per share on both the basic dates. In the brief filed on behalf of the respondent it is stated that a value in excess of $250 is not supported by the evidence.
There were no sales of the stock at or about the basic dates. The stock was closely held and was not traded in on any exchange. The only witness to testify with respect to the value of the stock was one Pfeiffer, who was vice president and treasurer of William R. Warner & Co., which purchased all of the stock of the Waterbury Chemical Co. under the terms of the contract dated August 13, 1929. He testified that he had been connected with William R. Warner & Co. since 1908 and during the period of his association with that company he had been called upon to place a value on the business securities of approximately 25 pharmaceutical companies, laboratories, and similar concerns, which had been purchased by his firm. After having examined the profit and loss statements of the Waterbury Chemical Co. and its balance sheets for the fiscal years ended July 31, 1908, to July 31,1911, inclusive, which were introduced in evidence, the witness testified that, in his opinion, the fair market value of the entire capital stock of the Waterbury Chemical Co. was $450,000 as of March 1,1913, and was $405,000 on December 9,1915. In reaching this conclusion the witness took into consideration, among other factors, the length of time the business had been in existence, how well it was established, the territories covered, the tangible assets of the business, the amount of the sales, the amount of the management expenses, and the fact that the business consisted primarily of one item.
We have carefully examined all the evidence with respect to the value of the stock and have determined that the shares of stock having a par value of $100 each had a March 1,1913, value of $350 per share and a value of $315 on December 9, 1915; one fourth of these amounts represents the fair market value of the shares having a par value of $25 each.

Judgment of no deficiency will he entered in Docket No. 62985. Judgment will he entered under Rule 50 in Docket Nos. 73380, 73381, 73382, and 73383.